UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ROBERT JAMES WALKER,

                        Petitioner,

-vs-                                              Case No.  8:06-cv-2076-T-17MSS

STATE OF FLORIDA and ATTORNEY
GENERAL, STATE OF FLORIDA,

                        Respondents.
_____

## ORDER

Robert James Walker petitions for the writ of habeas corpus pursuant to 28 U.S.C. § 2254.

Walker, who was convicted of DUI manslaughter, driving while license suspended, leaving the scene of an accident, and resisting an officer without violence, was sentenced to nineteen years incarceration by the Circuit Court for the Tenth Judicial Circuit, Polk County, Florida.

A review of the petition demonstrates that, for the following reasons, the petition must be denied.  First, the petition is time-barred.  The Anti-Terrorism and Effective Death Penalty Act created a new limitations period for petitions for writ of habeas corpus brought pursuant to 28 U.S.C. § 2254. "A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of ... the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review...." 28 U.S.C. §2244(d)(1)(A). Additionally, "[t]he

time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2).

Walker states that his judgment of conviction was entered on December 15, 1999, and that the appellate court affirmed the conviction on May 9, 2001.  Pursuant to Bond v. Moore, 309 F.3d 770, 774 (11th Cir. 2002), Walker's conviction was final on direct appeal 90 days after May 9, 2001, when the period for filing a petition for writ of certiorari in the United States Supreme Court expired.  That date was August 7, 2001. Therefore, the one-year limitation period began to run on August 8, 2001 and Walker had until August 8, 2002, to file a timely federal habeas corpus petition or a state collateral proceeding that would toll the running of the one-year period.  Walker did neither. He did not file the Rule 3.800 motion until April 3, 2006. (See Petition, 8). The filing of the Rule 3.800 motion did not toll the running of the limitations period because the one-year period had already expired on August 8, 2002.  Therefore, the present federal petition, signed and filed in 2006, is time-barred.

Second, from the face of the Petition, it is clear that Walker has raised only state law sentencing issues which provide no basis for federal, constitutional habeas corpus relief.  See Branan v. Booth, 861 F.2d 1507 (11th Cir. 1988) (per curiam).  Walker does not allege that "he is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a).

> A federal habeas petition may be entertained only on the ground that a petitioner is in custody in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(a).  A state's interpretation of its own laws or rules provides no basis for federal habeas corpus relief,

> since no question of a constitutional nature is involved. <u>Bronstein v. Wainwright</u>, 646 F.2d 1048, 1050 (5th Cir. Unit B June 1981). State courts are the ultimate expositors of their own state's laws, and federal courts entertaining petitions for writs of habeas corpus are bound by the construction placed on a state's criminal statutes by the courts of the state except in extreme cases. <u>Mendiola v. Estelle</u>, 635 F.2d 487, 489 (5th Cir. Unit A 1981).

<u>McCullough v. Singletary</u>, 967 F.2d 530, 535-36 (11th Cir. 1992), <u>cert</u>. <u>denied</u>, 113 S. Ct. 1423 (1993).

Petitioner Walker seeks to have this Court review the state court's failure to adhere to its sentencing procedures. Federal courts cannot review a state's failure to adhere to its own sentencing procedures, even if Walker sets out his claims as ones of equal protection or due process. <u>Branan v. Booth</u>, 861 F.2d at 1508.

Accordingly, the Court orders:

That Walker's petition is denied. The Clerk is directed to enter judgment against Walker and to close this case.

## CERTIFICATE OF APPEALABILITY AND
## LEAVE TO APPEAL IN FORMA PAUPERIS DENIED

IT IS FURTHER ORDERED that petitioner is not entitled to a certificate of appealability. A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability (COA). <u>Id.</u> "A [COA] may issue ⋯ only if the applicant has made a substantial showing of the denial of a constitutional right." <u>Id.</u> at § 2253(c)(2). To make such a showing, petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," <u>Tennard v. Dretke</u>, 542 U.S. 274, 282 (2004) (quoting <u>Slack v.</u>

McDaniel, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further, ' " Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n. 4 (1983)). Petitioner has not made the requisite showing in these circumstances.

Finally, because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal in forma pauperis.

ORDERED at Tampa, Florida, on November 9, 2006.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Robert James Walker